UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROSITA RITA BAILEY,
*INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, JAWUANE JOHNSON*, and
MEKHI BURKETT,
Plaintiffs,

v.

NO. 5:20-cv-02664

AARON REED, MICHAEL SLIVKA,
KENNETH STEPHENS, TIMOTHY DUGAN,
BRIAN CUTH, JEFFREY APGAR, and
MATTHEW RESZEK,
Defendants.

**O P I N I O N**
***Sua Sponte* Dismissal of Plaintiffs' Claims**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**September 15, 2021**

## I. INTRODUCTION & BACKGROUND

Through counsel, Plaintiffs Rosita Rita Bailey and Jawuane Johnson (hereinafter "Plaintiffs") filed an Amended Complaint on August 31, 2020, making several allegations, including that the Defendants used excessive force against them while acting under the color of state law as police officers. *See generally*, ECF No. 6.

After commencing this action, Plaintiffs stopped communicating with counsel; they failed to respond to numerous telephone calls, letters, and e-mails from counsel; they failed to confirm their availability for depositions and did not reply to voicemails from counsel. Plaintiffs also failed to provide their counsel with information necessary to respond to the Defendant's discovery requests. For these reasons, on August 2, 2021, Plaintiffs' counsel filed a motion with

the Court to withdraw as Plaintiffs' counsel. ECF No. 44. The Court then held a telephone conference with counsel of record for all parties to address Plaintiffs' failure to respond to numerous communications. ECF No. 46. As a result, the Court issued an Order directing Plaintiffs to respond to discovery requests no later than August 16, 2021, and to appear for depositions no later than August 24, 2021. ECF No. 47. The August 4, 2021 Order also warned Plaintiffs that "they are on notice that the Court will consider appropriate measures to deal with their noncompliance and apparent failure to prosecute their claims, up to and including possible dismissal of their claims." *Id*. Plaintiffs did not comply with that Order.

On August 27, 2021, because it appeared that Plaintiffs abandoned this litigation, the Court granted Plaintiffs' counsel's motion to withdraw and issued another Order directing Plaintiffs to show cause no later than September 10, 2021, why their claims should not be dismissed for failure to prosecute and warning that "Failure to comply with this directive will result in the Court's active consideration of dismissal of Plaintiffs' claims." ECF No. 50. Plaintiffs did not comply with that Order; nor have Plaintiffs contacted the Court for any other purpose.

## II. LEGAL STANDARD – DISMISSAL FOR FAILURE TO PROSECUTE

A district court's authority to *sua sponte* dismiss a proceeding where a party fails to prosecute its claims derives from a court's inherent authority to control its own proceedings. *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) ("The power to dismiss for failure to prosecute . . . rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket."). Indeed, this inherent authority "has been expressly recognized in Federal Rule of Civil Procedure

41(b)."[1] *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). In the Third Circuit, a district court may exercise its inherent authority and dismiss a case for failure to prosecute where the following factors weigh in favor of dismissal:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (emphasis in original) (quoting *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)). While dismissal for failure to prosecute must be a sanction of last resort, "where a plaintiff's actions amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate." *Roberts v. Ferman*, 826 F.3d 117, 123 (3d Cir. 2016).

## III. ANALYSIS

As to the first factor—personal responsibility—Plaintiffs have failed to prosecute their claims despite numerous attempts made by their counsel to communicate with them, despite multiple requests for discovery made by the Defendants, and despite numerous orders from this Court. Thus, Plaintiffs' failure to prosecute their claims is not attributable to either their counsel

---

1 Although Rule 41(b) is an expression of the court's long-recognized, inherent authority to control its proceedings, *sua sponte* dismissals are not governed by that Rule. *See Link*, 370 U.S. at 630-31 ("We do not read Rule 41(b) . . . to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant . . . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

or the Defendants. Plaintiffs cannot blame anyone but themselves for their failure to prosecute their claims.[2] Thus, this factor weighs in favor of dismissal.

As to the second factor—prejudice to adversaries— the Court finds that Plaintiffs' effective abdication of their claims prejudices and leaves the Defendants guessing as to when, if ever, Plaintiffs will pursue their claims, hindering any sort of legal defense strategy the Defendants might formulate. *See Palmer v. Rustin*, No. CIV.A. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011) ("The prejudice that will be suffered by Defendants by allowing this case linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious."). In addition, the other plaintiff in this case is also prejudiced by Plaintiffs' abdication of their claims because the case is essentially on hold until Plaintiffs begin to participate in the litigation. As such, the second *Poulis* factor weighs in favor of dismissal.

As to the third factor—history of dilatoriness—Plaintiffs have established a pattern of failing to prosecute their claims despite multiple opportunities provided by this Court to do so. The Court issued an Order directing Plaintiffs to respond to discovery requests and warned them their claims could be dismissed if they did not comply. ECF No. 47. The Court then issued an Order to show cause directing Plaintiffs to show cause why their claims should not be dismissed.

---

2 The Court notes that Johnson was a minor when this action commenced, and his claims were initially brought by his mother. It is unknown whether Johnson is still a minor. His counsel has now withdrawn, and his mother is not an attorney. This creates the possibility that Johnson is an unrepresented minor because a minor cannot be represented solely by a parent who is not an attorney. *Perlberger v. Perlberger*, 34 F. Supp. 2d 282, 284 (E.D. Pa. 1998). However, this Court may still apply the *Poulis* factors in its analysis regarding Johnson even if he is an unrepresented minor because his claims are dismissed without prejudice. *See id.*, 285 (explaining that an unrepresented minor's claims could be dismissed so long as it was done without prejudice). Thus, he may find new counsel to represent him, or proceed pro se if he wishes once he reaches age eighteen or becomes an emancipated minor, and any relevant statute of limitations will be tolled until that time. *See id*.

ECF No. 51. Plaintiffs' withdrawn counsel served them with notice of the order to show cause. ECF No. 53. Plaintiffs either ignored the Court's warnings or chose to do nothing. To this day, Plaintiffs have not contacted the Court regarding their claims, or for any other reason. Plaintiffs' continued failure to respond to this Court's orders indicate a history of dilatoriness. *See Bembry-Muhammad v. Greenberg*, No. CV 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) ("[B]y missing all of the deadlines imposed by this Court, the Appellant has shown a history of dilatoriness."). As such, the third factor weighs in favor of dismissal.

As to the fourth factor—willfulness—the circumstances leave the Court unable to draw any conclusion other than that Plaintiffs' failure to prosecute this action has been willful. *See Greenberg*; 2016 WL 4744139, at *2; *Hayes v. Nestor*, No. CIV. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor."). Consequently, the fourth factor is satisfied in favor of dismissal.

As to the fifth factor—alternative sanctions—the Court finds that lesser sanctions would have no effect on Plaintiffs' interest in prosecuting this case because they have completely stopped participating in litigation. *See Hayes*, 2013 WL 5176703, at *5 ("Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss . . . . [t]he Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case."); *Genesis Eldercare Rehab. Servs., Inc. v. Beam Mqmt., LLC,* No. 07–1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (finding that sanctions other than default would be insufficient where defendant "demonstrated its complete

neglect of its obligations as a litigant in this matter"). As such, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, the Court considers the sixth factor—whether Plaintiffs' claims have merit. The Court acknowledges that their claims are not facially meritless.[3] However, "it is unclear whether [their] claims would survive summary judgment. As such, this factor weighs neither for nor against dismissal." *Palmer*, 2011 WL 5101774, at *2.

**IV. CONCLUSION**

Because the totality of the *Poulis* factors weigh in favor of dismissal, Plaintiffs' claims are dismissed without prejudice. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*__________
JOSEPH F. LEESON, JR.
United States District Judge

---

3 Plaintiffs' claims survived the Court's screening review for frivolousness pursuant to 28 § 1915(e)(2).